UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON ABUAN,<br><br>   Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE & CO. dba CHASE HEALTH ADVANCE a Delaware Corporation,<br><br>   Defendant. | Civil No. 13cv1315 L (JMA)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** **[DOC. 5]** |

  On June 6, 2013, Plaintiff Shannon Abuan commenced this action against Defendant JP Morgan Chase. Defendant now moves to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff opposes.

  The Court found this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). (Doc. 11.) For the following reasons, the Court **GRANTS** Defendant's motion to dismiss **WITH LEAVE TO AMEND**.

//
//
//
//
//

## I. BACKGROUND

In December 2006, Plaintiff opened a personal credit card account with the Defendant. (Compl. ¶ 11. [Doc. 1].) At some point in 2010, Plaintiff defaulted on that account. (*Id.* ¶ 12; *see also* Request for Judicial Notice in Support of Defendant's Motion to Dismiss, Ex. A at 24.) Following the default, the Defendant attempted to collect payments on the Plaintiff's debt obligation. (*Id.* ¶ 13.)

On November 15, 2011, Plaintiff filed for Chapter 7 Bankruptcy. (Compl. ¶ 14.) Plaintiff listed a number of debts on Schedule F of the bankruptcy petition, including the $12,039.00 debt owed on her Chase Health credit card account. (*Id.* ¶ 16; *see* Request for Judicial Notice in Support of Defendant's Motion to Dismiss, Ex. A at 24.) After she filed for bankruptcy, the Defendant called her cellular telephone at least eighteen times between December 16, 2011 and December 6, 2012, giving rise to Plaintiff's claims in this action. (*Id.* ¶¶ 14, 15, 19.) Plaintiff received a discharge of her debts from the bankruptcy court on February 23, 2012 and her case was closed on February 27, 2012. (*Id.* ¶ 14.)

On June 6, 2013, Plaintiff commenced this action. The Complaint asserts the following four claims: (1) violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq.; (2) violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, et seq.; (3) violations of the automatic stay, 11 U.S.C. § 362, et seq.; and (4) violations of the discharge injunction, 11 U.S.C. § 524, et seq. All of Plaintiff's claims are based on Defendant's phone calls to her cellular phone. Defendant now moves to dismiss the complaint on the basis of judicial estoppel and Plaintiff's failure to adequately plead any of the four causes of action. Plaintiff opposes.

//
//
//
//
//
//

## II.     LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The court must accept all allegations of material fact as true and construe them in the light most favorable to the nonmoving party.  *Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).  Material allegations, even if doubtful in fact, are assumed to be true.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted).  In fact, the court does not need to accept any legal conclusions as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal citations omitted).  Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Id.*  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19

(9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

## III. DISCUSSION

### A. Request for Judicial Notice

As a preliminary matter, Defendant requests judicial notice of a number of items, including Plaintiff's voluntary petition filed in bankruptcy court. (Doc. 8.) Because courts may take judicial notice of "matters of public record," *Lee v. City of Los Angeles*, 250 F.2d 668, 689 (9th Cir. 2011), the Court **GRANTS** Defendant's request as to Exhibit A.[1]

### B. The Doctrine of Judicial Estoppel Bars Plaintiff's Complaint

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (citing *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600–601 (9th Cir. 1996); *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)). Judicial estoppel is used to bar inconsistent positions in the same litigation, and is also "appropriate to bar litigants from making incompatible statements in two different cases." *Hamilton*, 270 F.3d at 783. Courts may consider the following three factors in determining whether to apply the doctrine of judicial estoppel: (a) whether a party is asserting a clearly inconsistent position to that of a prior case, (b) whether accepting such an inconsistent position in the current proceeding would imply that the

---

[1] Defendant also requests judicial notice of a the docket sheet for bankruptcy petition, the certificate of notice from the bankruptcy court, and a Google map printout. (Doc. 8.) Because the Court resolves the motions without reference to these documents, the Court **DENIES AS MOOT** these requests for judicial notice.

earlier court was misled, and (c) whether the party would get an unfair advantage or impose an unfair detriment to the opposing party if not estopped. *Id.* at 782–783 (citing *New Hampshire v. Maine*, 532 U.S. 742, 750–751 (2001)). In the bankruptcy context, courts have applied judicial estoppel to prevent debtors who failed to disclose claims in bankruptcy proceedings from later asserting those claims after their bankruptcy case has closed. *Hamilton*, 270 F.3d at 783 (citing *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992)).

Defendant argues that Plaintiff's claims are barred by the doctrine of judicial estoppel because she failed to schedule this action, which arose during the pendency of her prior bankruptcy proceeding, as an asset in that proceeding. (Def.'s Mot. 1:21–24.) In response, Plaintiff argues that her complaint is not barred by judicial estoppel because (1) she had no duty to disclose claims that arose after she filed for bankruptcy and (2) the duty to amend schedules only applies to Chapter 11 bankruptcies, not Chapter 7 bankruptcies. (Pl.'s Opp'n 2: ¶¶ 1-5.) The Court disagrees with both of Plaintiff's arguments and addresses each one in turn.

### 1.     Judicial Estoppel is not Limited to Claims that Arise Before a Petition for Bankruptcy is Filed

A debtor's duty to disclose potential claims as assets continues for the duration of the bankruptcy proceedings. *Hamilton*, 270 F.3d at 785; *United States v. Nunez*, 419 F.Supp.2d 1258, 1264 (S.D. Cal. 2005). "Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Id.* at 784 (citing *Hay*, 978 F.2d at 557 (acknowledging that "*all* facts were not known to [the debtor] at the time, but enough was known to require notification of the asset to the bankruptcy court")).

Here, Plaintiff concedes that all of her claims arose on December 16, 2011, during the pendency of her bankruptcy proceedings. (Compl. ¶¶ 14, 15.) However, she never alleges that she disclosed these claims to the bankruptcy court. Thus, Plaintiff's allegations confirm that she had "knowledge of enough facts to know that a potential cause of action exist[ed] during the

pendency of [her] bankruptcy, but fail[ed] to amend [her] disclosure statements to identify the cause of action as a contingent asset." *Hamilton*, 270 F.3d at 784. Therefore, all Plaintiff's claims are barred by judicial estoppel. *Id.* at 784–85.

Plaintiff attempts to distinguish *Hamilton* by suggesting that the claims therein accrued before filing for bankruptcy, and her claims accrued after. (Pl.'s Opp'n 2: ¶ 2.) In support of this argument, Plaintiff suggests that 11 U.S.C. § 541(a)(1) relieves Plaintiff from a duty to amend her Chapter 7 bankruptcy schedule when claims arise after the commencement of bankruptcy. (*Id.* 2:15–19)  This argument defies both logic and the law.

If this Court were to accept Plaintiff's position, and allow Plaintiff's claims to proceed despite the fact that Plaintiff knew about these claims during the pendency of her bankruptcy proceedings, it would undermine "the integrity of the bankruptcy system [which] depends on full and honest disclosure by debtors of all their assets." *Hamilton*, 270 F.3d at 785 (citing *Rosenshein v. Kleban*, 918 F.Supp. 98, 104 (S.D.N.Y. 1996)).  As the Ninth Circuit explained:

> The interests of both the creditors, who plan their actions in the bankruptcy proceeding on the basis of information supplied in the disclosure statements, and the bankruptcy court, which must decide whether to approve the plan of reorganization on the same basis, are impaired when the disclosure provided by the debtor is incomplete.

*Id.* Moreover, Plaintiff cites no authority, and the Court is aware of none, that supports her novel position.  Indeed, many courts have applied judicial estoppel to bar claims that arose after the debtor filed for bankruptcy. *See Hay*, 978 F.2d at 556–57; *Graham v. U.S. Bank, N.A.,* No. 13-cv-01613, 2013 WL 2285184, at *4–5 (N.D. Cal. May 23, 2013); *Vertkin v. Wells Fargo Home Mortg.*, No. C 10-00775, 2010 WL 3619798, at *3 (N.D. Cal. Sept. 9, 2010).

### 2. Debtors Have a Duty to Disclose Potential Causes of Action in Chapter 7 Bankruptcy Cases

Plaintiff next attempts to distinguish *Hay* from the case at bar because it dealt with a Chapter 11 filing rather than a Chapter 7 bankruptcy. (Pl.'s Opp'n 2: ¶¶ 4, 5.) This argument is unpersuasive.

In *Hamilton*, a Chapter 7 bankruptcy case dealing with judicial estoppel, the Ninth Circuit

explicitly relied on the analysis in *Hay*, a Chapter 11 case also dealing with judicial estoppel, without drawing any distinction between Chapter 7 and Chapter 11 bankruptcies. *Hamilton*, 270 F.3d at 783. Contrary to Plaintiff's assertions, courts routinely apply judicial estoppel in Chapter 7 cases. *See, e.g*, *Elston v. Westport Ins. Co.*, 253 F.App'x. 697, 699 (9th Cir. 2007); *Vertkin*, 2010 WL 3619798, at *1; *Key v. Evergreen Prof'l Recoveries, Inc.*, No. 09-5130RJB, 2009 U.S. Dist. LEXIS 73841, at *1–2, *9 (W.D. Wash. Aug. 19, 2009) (barring debtor's complaint on judicial estoppel grounds for failing to amend her Chapter 7 bankruptcy schedules to include claims of illegal debt collection practices against a creditor that was listed in her Chapter 7 petition); *Rose v. Beverly Health and Rehab. Serv., Inc.*, 356 B.R.18, 22 (E.D. Cal. 2006). Plaintiff cites no authority, and the Court is aware of none, which prevents courts from applying the doctrine of judicial estoppel to Chapter 7 cases.

## IV.   CONCLUSION & ORDER

In light of the foregoing, the Court finds that Plaintiff's claims that arose during the pendency of her bankruptcy proceedings are judicially estopped, and **GRANTS** Defendant's motion to dismiss **WITH LEAVE TO AMEND**. Although the parties agree that all of Plaintiff's claims arose during the pendency of the prior bankruptcy proceedings, the pleadings reveal that Plaintiff may have claims that arose after her bankruptcy discharge which are not subject to judicial estoppel. To wit, it appears that Plaintiff alleges that she received phone calls in violation of numerous laws until December 6, 2012, well after her discharge on February 23, 2012. (Compl. ¶ 14.) Therefore, Plaintiff may file an amended complaint articulating any claims which arose after discharge **on or before October 18, 2013**.

**IT IS SO ORDERED.**

DATED: October 3, 2013

_____
M. James Lorenz
United States District Court Judge

COPY TO:
HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE
ALL PARTIES/COUNSEL